UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MENDOZA,<br><br>                         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | Case No.: 3:25-cv-1076-JES<br>             3:23-cr-1968-JES<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[ECF Nos. 1, 353]** |

      Before the Court is Jose Mendoza's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"), presumably alleging ineffective assistance of counsel by his attorney, David Zugman. ECF No. 353[1]. Having

---

[1] In Petitioner's civil case, 3:25-cv-1076-JES, Petitioner's § 2255 motion is ECF No. 1. In the underlying criminal case, 3:23-cr-1968-JES, the same motion is filed as ECF No. 353. The Court hereinafter cites only the docket entries in the criminal case.

1

reviewed Petitioner's motion, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## I. BACKGROUND

On September 21, 2023, a 15-count indictment was filed in the Southern District of California charging various individuals with multiple counts, including Petitioner with various counts related to conspiracy to distribute methamphetamine and fentanyl, possession with intent to distribute methamphetamine and fentanyl, felon in possession of ammunition, and money laundering conspiracy. ECF Nos. 48, 104. On September 22, 2023, an arrest warrant was issued for Petitioner. ECF No. 2. On October 17, 2023, Petitioner was arrested on the warrant. ECF Nos. 52, 104 at 10.

On November 14, 2023, Petitioner pled guilty four counts, conspiracy to distribute methamphetamine, conspiracy to distribute fentanyl, felon in possession of ammunition and money laundering conspiracy. ECF No. 92. On December 6, 2023, a pre-sentence investigation report ("PSR") was submitted to the Court. ECF No. 104 ("PSR"). In the PSR, Petitioner's criminal history score was calculated at 10 and his criminal history category was calculated at five. *Id*. at ¶ 69. On March 21, 2025, Mr. Zugman filed an objection to the PSR, challenging the criminal history score and category, arguing that Petitioner should be placed in criminal history category four, instead of five. ECF No. 328. On April 4, 2025, this Court held a sentencing hearing, at which Mr. Zugman argued his objection regarding the calculation of the criminal history score and requested that Petitioner be placed in criminal history category four. ECF No. 338. The Court sustained the objection and determined that Petitioner should be in criminal history category four, when calculating the sentencing guideline range. *Id*. Petitioner was ultimately sentenced to a term of 170 months in prison and supervised release for a term of five years. ECF No. 339. On April 28, 2025, Petitioner filed the instant § 2255 habeas Motion. ECF No. 353.

## II. LEGAL STANDARD

A federal prisoner in custody under a sentence of a court may move to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation

of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). If it is clear a petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

### III.   DISCUSSION

In the instant Motion, it is unclear the basis on which Petitioner files this motion. It appears Petitioner is asserting that his Sixth Amendment right to effective assistance of counsel was violated. Petitioner lists two grounds for his Motion, both rooted in his argument that his counsel should have objected at his sentencing hearing to Petitioner being in criminal history five. Motion at 6.

Petitioner is incorrect. Mr. Zugman filed an objection to the PSR prior to the sentencing hearing and argued at the sentencing hearing that Petitioner should be in criminal history four, not five. ECF Nos. 328, 338.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's representation was deficient such that it

"fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. "In the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

The first prong of the *Strickland* test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Strickland*, 466 U.S. at 689 (noting there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

The second prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In the context of an accepted guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner's claims fail for several reasons. First, Mr. Gonzalez convinced the United States to dismiss the attempted entry charge based on insufficiency of the evidence, and there was no need to file a motion to dismiss, as the Government dismissed the charge absent a motion. ECF No. 49 at 3. The United States filed a Superseding Information on June 13, 2023, dismissing the attempted reentry charge and alleging a charge for making a false statement. ECF No. 20. Thus, Petitioner cannot show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. Counsel's performance was indeed reasonable and achieved Petitioner's goal of getting the attempted reentry charge dismissed.

Second, Petitioner's statements regarding misadvisal from his counsel are contradicted by the record in this case. Petitioner signed the plea agreement which contains a provision that addresses immigration consequences. The provision provides that:

> Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

ECF No. 24 at 5. During his change of plea hearing, Petitioner, while under oath, admitted that he signed the plea agreement, and read the entire agreement prior to signing. COP Transcript at 10:4-10. Further, Petitioner admitted that he discussed the entire agreement with his attorney before he signed it and understood everything in the plea agreement before he signed it. *Id*. at 10:11-16. Based on these facts, which Petitioner does not dispute, Petitioner fails to satisfy the first *Strickland* prong, The Court cannot find that Mr. Gonzalez' performance was deficient.

Third, Petitioner also fails to satisfy the second *Strickland* prong as the change of plea hearing contradicts Petitioner's argument that he would not have pled guilty and would have instead gone to trial if he was aware of the immigration consequences of his guilty plea. At the change of plea hearing, Petitioner, while under oath acknowledged the immigration consequences for a second time. Petitioner stated that he understood the immigration consequences of his guilty plea:

> Court: Mr. Murray, as a result of your guilty plea, it is a virtual certainty that you will be denied United States citizenship, removed from the United States, and denied admission to the United States in the future. Do you understand that?
> Defendant: Yes, your honor.

COP Transcript at 8:19-24. When directly informed of the immigration consequences by Judge Leshner, Petitioner stated he understood the immigration consequences instead of

raising concern and asking for a trial. Petitioner does not dispute these facts. Petitioner fails to satisfy the second *Strickland* prong. The Court cannot find that there was a reasonable probability of a different result in the proceeding.

Accordingly, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence due to ineffective assistance of counsel.

## IV.   CERTIFICATE OF APPEALABILITY

Lastly, "[u]nder the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 578 U.S. 120, 127 (2016) (citing 28 U.S.C. § 2253(c)(1)). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch*, 578 U.S. at 127 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having reviewed the record, the Court finds that no reasonable jurist would dispute that Mr. Gonzalez' challenged performance fell within the "wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689. The Court therefore **DENIES** a certificate of appealability.

## V.   CONCLUSION

After careful consideration, the Court finds that Petitioner's Motion, the briefs filed in opposition thereto and support thereof, and the record as a whole "conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, the Court **DENIES** Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255., and **DENIES** a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is instructed to enter judgment in both the underlying criminal case and Petitioner's civil case and close Petitioner's civil case.

///

1  / / /

2  **IT IS SO ORDERED**.

3  Dated: May 21, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge